UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DAVID MIHALIS, )<br>)<br>      Petitioner, )<br>)<br>vs. )<br>)<br>CYNTHIA MAUSSER, )<br>)<br>      Respondent. ) | Case No. 1:18CV1117<br><br>JUDGE JACK ZOUHARY<br>Magistrate Judge George J. Limbert<br><br><br>Report and Recommendation of<br>Magistrate Judge |

      On December 12, 2018, Respondent Cynthia Mausser, Managing Director of the Ohio Department of Rehabilitation and Correction Division of Parole and Community Services, ("Respondent") filed the instant motion to dismiss Petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2254 based upon his failure to prosecute. ECF Dkt. #15. For the following reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss (ECF Dkt. #15) and dismiss Petitioner's federal habeas corpus petition in its entirety WITHOUT PREJUDICE.

## I.    RELEVANT PROCEDURAL HISTORY

      On May 8, 2018, Petitioner David Mihalis ("Petitioner") executed a federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254, which was filed in this Court on May 14, 2018. ECF Dkt. #1. On June 19, 2018, Petitioner pro se filed a "Motion to release relator on own recognizance," asking to be released on bond pending the Court's review of his § 2254 federal habeas corpus petition. ECF Dkt. #4. On November 6, 2018, Respondent Brigham Sloan ("Respondent Sloan"), the warden of the correctional institution where Petitioner was incarcerated at the time of the filing of his petition, filed a motion to dismiss Petitioner's federal habeas corpus petition and a brief in opposition to Petitioner's motion for release on bond. ECF Dkt. #s 10, 11. Respondent Sloan indicated that Petitioner's motion was moot because he was no longer incarcerated and had been released from prison on state post-release control. ECF Dkt. #10 at 1; ECF Dkt. #11 at 1. Respondent Sloan also requested that the Court replace him as

Respondent with the person and/or entity that had custody of Petitioner, that is, his parole officer, the official in charge of the parole or probation agency, and the state correctional agency. ECF Dkt. #10 at 1, fn. 1, citing Rule 2(c) of the Rules Governing Section 2254 Cases.

After checking Respondent Sloan's information and the Ohio Department of Rehabilitation and Correction's ("ODRC") website, the undersigned DENIED as moot Petitioner's "Motion to Release Relator on Own Recognizance" on November 15, 2018 based upon information indicating that Petitioner was released on state post-release control. ECF Dkt. #12. The undersigned also ORDERED Petitioner or Respondent Sloan to provide the Court with updated information so that Respondent Sloan could be removed from the case as Respondent and the proper entity having custody over Petitioner added. *Id.* A copy of the Order was sent to both Petitioner and Respondent on November 15, 2018. On November 27, 2018, Respondent Sloan filed a response to this Court's Order indicating that the proper respondent in this case was now Cynthia Mausser, the Managing Director of the Ohio Department of Rehabilitation and Correction Division of Parole and Community Services, since Petitioner was now in the custody of her and that entity due to his release on supervision. ECF Dkt. #13. Brigham Sloan was thus removed from the docket and Managing Director Mausser was added as the proper Respondent in this case ("Respondent').

On December 6, 2018, this Court received the Order that mailed to Petitioner at Lake Erie Correctional Institution with the enveloped marked "Return to Sender, Not Deliverable As Addressed, Unable to Forward." ECF Dkt. #14. The envelope was also stamped as "Return to Sender, Released/Paroled." *Id*.

On December 7, 2018, the Order was mailed again to Petitioner at an address acquired from an ECF Certificate of Service. 12/7/18 Docket. On February 26, 2019, the Order was again returned to the Court and marked as "Return to Sender, Not at this Address." ECF Dkt. #16. Before the Order was returned, Respondent filed the instant motion to dismiss for want of prosecution on December 12, 2018. ECF Dkt. #15. Petitioner did not file a response.

This Court has not had any contact with or from Petitioner since he filed his motion to be released on his own recognizance on June 19, 2018 and had been released from Lake

Correctional Institution to the Cleveland Office of the Ohio Adult Parole Authority on post-release control, which apparently began on October 9, 2018.  ECF Dkt. #4; https://appgateway.drc.ohio.gov/ OffenderSearch.

Respondent indicates in her motion to dismiss for lack of prosecution that she too has received returned mail from the same two addresses for Petitioner that the Court had which indicated that he was not at those addresses.  ECF Dkt. #15 at 2.  Respondent requests that the Court dismiss Petitioner's § 2254 federal habeas corpus petition because it is uncertain where Petitioner is, whether he received the motions that were filed by Respondent, and the case cannot proceed when neither Respondent nor the Court can locate or contact Petitioner.  *Id*.  Respondent points out that Petitioner has an obligation to keep the Court updated with his address.  *Id.* at 3.

The undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's federal habeas corpus petition for his failure to prosecute.  ECF Dkt. #15.  The Court has authority under Rule 41(b) of the Federal Rules of Civil Procedure to sua sponte dismiss Petitioner's case for his failure to prosecute.  "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629–630.  Rule 41 of the Federal Rules of Civil Procedure provides in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). While Respondent has filed a motion to dismiss for want of prosecution, it is noted that the United States Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–631. "It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume

-3-

that it was intended to abrogate so well-acknowledged a proposition." *Link*, 370 U.S. at 631–632; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir.1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b) ] to enter a sua sponte order of dismissal.") (citing *Link*, 370 U.S. at 631).

Courts in this Circuit have applied Rule 41(b) to dismiss a civil action for failure to prosecute based largely in part upon the plaintiff's failure to inform the Court of an updated address. *See Johnson v. Sloan,* No. 1:17CV1050, 2018 WL 969927 (N.D. Ohio Feb. 20, 2018), adopting Report and Recommendation in 2017 WL 7736384 (N.D. Ohio, Oct. 10, 2017, recommending the granting of respondent's motion to dismiss for want of prosecution in § 2254 federal habeas corpus due to petitioner's abandonment of claim and failure to comply with Court order to keep Court updated of address); *McClellan v. Mack,* No. 3:11CV1798, 2012 WL 4461523 (N.D. Ohio Sept. 25, 2012), adopting undersigned's Report and Recommendation in No. 3:11CV1798, 2012 WL 4461520 (N.D. Ohio Feb. 23, 2012) to dismiss federal habeas corpus petition without prejudice for failure to prosecute due to petitioner not updating Court with address and Court attempts to locate petitioner being unsuccessful); *Alexander v. Bureau of Prisons*, No. 4:08CV2296, 2011 WL 2112553 (N.D.Ohio May 27, 2011), adopting the undersigned's Report and Recommendation in No. 4:08CV2296, 2011 WL 2116448 (N.D.Ohio Apr.28, 2011). In *Alexander*, the undersigned recommended that the District Court dismiss without prejudice a petitioner's § 2241 federal habeas petition because he failed to provide the Court with an updated address since his release from the Bureau of Prisons custody upon the serving of his prison sentence and his subsequent deportation. 2011 WL 2116448, at *2. The District Court Judge agreed. *Id*.; *see also Willix v. Holder,* No. 1:11CV894, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012)(adopting Report and Recommendation in 2012 WL 564830, W.D. Mich. Jan. 24, 2012); *Marshek v. Marske*, No. 07-14407, 2009 WL 160256, at *3-*4. (E.D. Mich. Jan. 22, 2009).

In *Marshek,* the court quoted four factors that the Sixth Circuit considers in reviewing a district court's decision to dismiss a case for a plaintiff's failure to prosecute:

> '(1) whether the party's failure is due to willfulness, bad faith, or fault;

-4-

> (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.'

2009 WL 160256, at *4, quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir.2005) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)) and *Mulbah v. Detroit Bd. of Ed.*, 261 F.3d 586, 589 (6th Cir.2001). The *Marshek* Court applied each of the four factors and dismissed the plaintiff's case without prejudice.

With regard to the first factor, the *Marshek* Court indicated that it was unclear why plaintiff had failed to prosecute his case. However, the court went on to state that "plaintiff cannot expect that the Court or defendant will be able to find him, and defendant cannot be expected to defend an action which plaintiff has apparently abandoned." *Marshek*, 2009 WL 160256, at *4. The court conceded that as to the second factor, prejudice to the defendant at the current point in the case was minimal, but the court noted that if it denied defendant's motion to dismiss and "plaintiff's address continued to remain a mystery, then defendant would be in the position of having to defend an action without access to his opponent." *Id*. The court addressed the third and fourth factors, referring to its order cautioning the dismissal of the plaintiff's case if he failed to respond, and indicating that while less drastic sanctions had not been attempted, there was "little purpose in doing so where the Court does not have a current address for plaintiff." *Id*. at *5, citing *Alexander v. City of Pontiac*, Case No. 2:07-CV-11419 (E.D.Mich. Apr. 29, 2008)(dismissing case without prejudice for failure to prosecute where, in part, "[t]he Court and the Magistrate Judge ha[d] attempted to send Plaintiff several orders indicating that his case was proceeding apace and his involvement would be required, and Plaintiff ha[d] not responded to these. If Plaintiff had been involved in any way with the case, the Court could conceivably have considered or imposed less drastic measures. It is Plaintiff's failure to respond that has led the court to this dismissal.").

Despite noting his apparent abandonment of his case, the failure to keep the court informed of an address, and his failure to respond, the *Marshek* Court did not dismiss the plaintiff's complaint with prejudice as Rule 41(b) allows. Rather, the court dismissed the

-5-

plaintiff's complaint without prejudice because he was pro se and because less drastic sanctions had not been imposed.

Similarly in the instant case, Petitioner has failed to keep the Court updated of his change in address and all attempts to locate Petitioner by this Court have been unsuccessful. Without a current address, neither Respondent nor the Court can reach Petitioner to continue the proceedings in Petitioner's case. While less drastic sanctions have not been attempted, it seems futile to do so since there appears no way to locate Petitioner beyond the means already attempted.

For these reasons, the undersigned recommends that the Court GRANT Respondent's motion to dismiss Petitioner's § 2254 federal habeas corpus petition for his failure to prosecute (ECF Dkt. #15) and DISMISS his petition without prejudice.

Dated: February 28, 2019                          */s/George J. Limbert*
                                                        GEORGE J. LIMBERT
                                           UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).